## DAVIS v. MARTIN.

(Supreme Court, Appellate Division, Second Department. March 9, 1906.)

MASTER AND SERVANT—INJURY TO SERVANT—SUFFICIENCY OF EVIDENCE OF RELATION.

　　In an action for injuries to plaintiff, alleged to have been received while employed by defendant, evidence *held* insufficient to show the existence of the relation of master and servant.

　　Hirschberg, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action by Patrick Davis against Thomas F. Martin. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Robert H. Roy, for appellant.

Henry A. Powell, for respondent.

MILLER, J. This is an ordinary scaffold case, and the only question requiring consideration on this appeal is whether the plaintiff met the burden of proving that the relation of master and servant existed between himself and the defendant. The learned trial court properly charged the jury that the plaintiff could not recover unless such relation existed, and the question is raised by motions for a nonsuit.

The plaintiff testified that he was employed as a hod carrier by one Gleason, that the defendant was about the premises at different times giving directions to the men and that after the accident the defendant personally handed plaintiff the money due him as wages. Other witnesses for the plaintiff testified to being employed by said Gleason and being paid by the defendant, and to the fact that the defendant was constantly upon the premises giving directions, and one witness testified that the defendant personally assisted in the erection of the runway which fell causing the plaintiff's injuries. On the part of the defendant it appeared undisputed that the defendant's father was the owner of the premises, and that the defendant was the president of a corporation known as the Thomas F. Martin Realty Company. The defendant testified that, acting for said corporation pursuant to an arrangement with his father, he was engaged in the construction of the building upon which the plaintiff was working at the time of the accident, that he let the work to different contractors, and that said Gleason contracted to do the mason work for a lump sum. He admitted that he

was on the premises giving directions to the end that the contracts should be performed properly and the materials furnished properly used. The said Gleason testified that the plaintiff was his servant, and that he was doing the mason work pursuant to contract with the Thomas F. Martin Realty Company. There is no evidence to disprove the testimony of the defendant to the effect that he was acting solely as the president of the realty company; but assuming, without deciding, that he being an interested party, this evidence although undisputed was for the jury, there is still the testimony to the effect that Gleason, by whom the plaintiff was employed, was an independent contractor, unless the testimony to the effect that the defendant was on the premises giving directions and personally handed to some of the men money for their wages furnishes such evidence.

This question must be considered in the light of the fact that the burden was upon the plaintiff to prove his case. He must, therefore, prove more than a mere possibility that the fact was as claimed by him. The respondent urges that there are certain discrepancies and improbabilities in respect to certain portions of the testimony of the defendant and of said Gleason, and that for this reason their credibility was for the jury. The difficulty with this contention is that the plaintiff cannot rely upon the weakness of the defendant's testimony, and there is nothing whatever in the record, other than the facts already alluded to, which indicates that the relations of the parties were not as shown by the defendant's evidence, and as these facts are in no wise inconsistent with such evidence, it is manifest that the plaintiff has failed to sustain the burden of proving his case. The verdict is therefore without evidence to sustain it, and must be set aside.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents.